234

STATE BOARD OF DENTAL EXAMINERS
and State Licensing Board for the Healing Arts,

*v.*

CLARENCE E. RYMER.

(*Knoxville,* September Term, 1956.)

Opinion filed June 7, 1957.

James M. Swiggart, Nashville, for appellants.

B. B. Gullett, Nashville, for Intervening Petitioner, Tennessee Dental Association.

Cunningham & Crutchfield, Folts, Brammer, Bishop & Thomas, Chattanooga, J. Paxson Amis, Chatsworth, Ga., for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The State Board of Dental Examiners and State Licensing Board for the Healing Arts filed this suit in the Chancery Court of Hamilton County for the purpose of enjoining the defendant, Clarence E. Rymer, from the illegal practice of dentistry, a branch of the healing arts. The bill alleged that the action was founded on Chapters 1 and 5 of Title 63, T.C.A. Chapter 1 is the Healing Arts Act, and prohibits the practice of any of the healing arts without a proper license under that Chapter. Chapter 5 deals with the practice of dentistry and prohibits such practice unless the Board of Dental Examiners issues a

certificate of fitness for the practice of dentistry to the Healing Arts Board.

The practice of any profession for which a license is required is practicing without a license is declared in Section 23-313, T.C.A. to be a public nuisance and an injunction suit to abate such nuisance is authorized by Sections 23-314 and 63-125, T.C.A.

The bill charged that the defendant had no license nor certificate.

The bill also charged that the defendant "is now and has for a long time been engaged in the business of supplying artificial teeth as substitutes for natural teeth to members of the public."

It was charged that on several specific occasions defendant made impressions of the mouths of various persons, made false teeth according to the impressions, fitted and adjusted the false teeth inside the mouth of his customer, and charged a fee for the work.

The defendant moved to dismiss the bill which motion was granted on the ground that Section 63-507, T.C.A. violates Section 1 of the Fourteenth Amendment to the Constitution of the United States.

Section 63-102, T.C.A. defines the practice of the healing arts as "offering or undertaking to diagnose, treat, operate on, or prescribe for any human pain, injury, disease, deformity, or physical or mental condition."

Section 63-507, T.C.A. defines the practice of dentistry as: "Any person shall be regarded as practicing dentistry * * * who shall * * * examine and contract for the treating of, or treat * * * any of the * * * disorders or

lesions of the oral cavity, teeth, gums * * * or supply artificial teeth as substitutes for natural teeth * * *."

From the decree dismissing the bill complainants appealed.

It is insisted by the complainant that it was not the purpose of the bill to prohibit the defendant from operating a dental laboratory, but to obtain an injunction against the defendant to prohibit him in engaging in the practice of dentistry.

The Tennessee Dental Association has filed an intervening petition herein, *amicus curiae,* seeking to be made a party complainant to this suit in order that it too may have the injunctive relief sought. This motion is granted.

We think that both the above quoted Sections 63-102, T.C.A. and also 63-507, T.C.A., defining the practice of dentistry are sufficient to enable the complainants to maintain this suit.

It appears that the defendant, Clarence E. Rymer, has made no defense to the suit in this Court and has filed no brief.

Under these circumstances we think the complainants are entitled to the relief sought.

It is therefore the judgment of this Court that the decree of the Chancellor be reversed and that the injunction be reinstated to prohibit the defendant from engaging in the practice of dentistry but not to prohibit him from engaging in the business of operating a dental laboratory.